## JACOB C. RINER

### *v.*

## DARIUS TOUSLEE.

1. CHANCERY PRACTICE—*referring to master.* On bill for taking an account between partners where the accounts are complex and intricate, the matter should always be referred to a master, to be examined and reported, in order to a final decree; and where the parties, by stipulation to save expense, seek to impose the labor of the master upon the court, this court will not examine intricate and complicated accounts on appeal, but will affirm the decree of the court below.

2. If the complainant in this class of cases should procure an *ex parte* order for a hearing without a reference, this court would reverse the decree below for want of a reference to the master.

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. CRAIG & HARVEY, for the appellant.

Messrs. HANNAMAN & KRETZINGER, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was a bill in equity in the Knox County Circuit Court, filed by Touslee against Riner, setting up a partnership, the existence of divers matters of partnership accounts in difference between them, and praying that an account be taken and the balance alleged to be due the complainant be decreed in his favor. To this bill Riner put in an answer, to which replication was filed. After the cause was at issue, the parties, by their solicitors, filed a stipulation, whereby they agreed that the cause was to be tried before the court in vacation, and on such trial the court might hear and consider all proof that might be offered by defendant as to any and all indebtednes due from complainant to defendant, and also all proof offered by complainant as to any indebtedness from defendant to complainant; and if it shall appear, upon a hearing of the cause, that complainant is indebted to defendant, then a decree shall be entered for defendant for any and all sums due him; and in case there shall be found a balance due the complainant, then a decree shall be rendered in his favor for such amount.

The court heard the cause in pursuance of the stipulation, and finding the sum of $524.36 to be due from the defendant to the complainant, the court decreed the payment of that sum.

Upon the trial several witnesses were examined, and the accounts are evidently complex and intricate. Such accounts are unfit subjects for examination in court, and ought always to be referred to a master to be examined by him and reported, in order to a final decree. The parties can then take

exceptions before the master and to the report, and thus bring any question they may think proper before the court. Counsel can not be permitted, by their stipulations, and perhaps to save the expense of going before the master, to thus impose the labor and duties of a master in chancery upon this court. We will not examine intricate, complicated accounts brought up in this way. If the complainant below had, *ex parte,* obtained the order of the court setting the case for hearing without a reference, we should follow the authority of the case of *Dubourg* v. *United States,* 7 Peters, 625, and reverse the decree below for want of a reference to the master. But inasmuch as appellant stipulated for the submission of it without a reference, we shall simply affirm the decree.

*Decree affirmed.*